**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Natsoft Corporation, Updraft, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-11517 |
| | ) | |
| Hexaware Technologies Limited, | ) | Hon. Manish S. Shah |
| Hexaware Technologies, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS

## TABLE OF CONTENTS

I.   BACKGROUND ........................................................................................ 5

II.  LEGAL STANDARD ............................................................................. 6

III. ARGUMENT ......................................................................................... 8

  A.  A STAY WILL NOT PREJUDICE THE NON-MOVING PARTY ............................... 9

  B.  THE DECISION ON THE MOTION TO DISMISS MAY SIMPLIFY THE ISSUES IN THE CASE ... 9

  C.  A STAY WILL REDUCE THE BURDEN OF LITIGATION FOR THE PARTIES AND THE COURT.
    10

IV.  CONCLUSION ..................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

*Chamberlain Grp., Inc. v. Linear LLC*, 114 F. Supp. 3d 614, 623 (2015) _____ 6

*Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) _____ 9

*Bilal v. Wolf*, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, *4 (N.D. Ill. June 6, 2007) ___ 6, 7

*Bilski v. Kappos*, 561 U.S. 593, 602, (2010)_____ 6

*Buffalo Pats., LLC v. Motorola Mobility, LLC*, 2022 U.S. Dist. LEXIS 255729 (N.D. Il. Sep. 16, 2022) _____ 6, 7, 8, 9

*Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012)_____ 6

*Medline Indus., Inc. v. C. R. Bard, Inc.,* No. 14 C 3618, 2020 WL 10485718, at *2 (N.D.Ill. Jan. 8, 2020) _____ 7

*OIP Techs, Inc. v. Amazon.com, Inc.,* 788 F.3d 1359, 1365 (2015), _____ 6

*Omnireps, LLC v. CDW Corp.,* No. 1:23-cv-00868, 2024 U.S. Dist. LEXIS 83724, at *2 (N.D. Ill. May 8, 2024) _____ 7, 8

*Yung-Tin Su v. Leechin Su*, No. 19-cv-7772, 2022 U.S. Dist. LEXIS 253134, at *3 (Apr. 11, 2022) _____ 6

*Statutes*

35 U.S.C. § 101 _____ 4, 5, 6

*Rules*

Fed. R. Civ. P. 26(c) _____ 6

On September 23, 2025, Plaintiffs Natsoft Corporation and Updraft LLC ("Plaintiffs" or "Natsoft") filed a Complaint alleging patent infringement and assorted business claims against Hexaware Technologies Limited and Hexaware Technologies, Inc. ("Hexaware"). (Dkt. 1.) As per the Court-Ordered schedule (Dkt. 20), on December 12, 2025, Hexaware moved to dismiss all counts of Plaintiffs' Complaint (Dkt. 29). Hexaware respectfully requests that the Court stay discovery pending resolution of that motion. A stay of discovery will not prejudice Plaintiffs, may clarify and narrow the issues in the case, and may conserve party and judicial resources.

## I.     Background

Plaintiffs filed this action against Hexaware asserting nine counts of patent infringement and four state-law business tort and contract claims. The patent counts (Counts I–IX) allege infringement of U.S. Patent Nos. 8,640,106; 8,972,928; 8,972,948; 9,063,673; 9,778,916; 9,858,046; 10,664,243; 11,029,934; and 12,032,941. The patents-in-suit concern the process of writing software code, an area that would require extensive fact and expert discovery if this matter were to proceed to active discovery. A dismissal based on a threshold finding that the patents are invalid as drawn to unpatentable subject matter under 35 U.S.C. § 101 would obviate the need for much of that discovery (and, to the extent that the Court dismisses the business claims as well, no discovery will be needed).

The nine patents-in-suit comprise two families; each family shares the same specification and the claims within each family (across all family members) are substantially similar. The two families are drawn to very similar "inventions." Thus, the claims of the patents-in-suit will likely rise and fall together, and a single finding of non-patentable subject matter may easily dispose of all patent infringement counts.

The nine asserted patents collectively contain 156 claims. Plaintiffs allege infringement of "at least" one claim from each patent but do not identify which claims are asserted, leaving ambiguity as to how many and which claims may be at issue. A ruling on the motion to dismiss may clarify this ambiguity.

Plaintiffs accuse three different Hexaware platforms of infringement. The Complaint does not specify which Hexaware platforms or services allegedly infringe which patents, raising further issues of ambiguity that may be resolved by a decision on the motion to dismiss.

Plaintiffs also assert claims for breach of contract (Counts X and XI), unjust enrichment (Count XII), and intentional interference with prospective economic advantage (Count XIII).

Defendants have moved to dismiss the patent counts on threshold grounds, including patent ineligibility under 35 U.S.C. § 101, and have moved to dismiss or narrow all claims for failure to state a claim and other pleading deficiencies. If granted in whole or in substantial part, the motion would dispose of this case or materially narrow the issues requiring discovery.

The Parties in large part are based in India. No discovery has been served to date. The parties have not exchanged initial disclosures or contentions, and no depositions have been noticed. The case is in its earliest procedural posture, and the Court has not entered a scheduling Order. Given the nature and breadth of Plaintiffs' allegations, if discovery were to proceed now, it would be wide-ranging, expensive, and burdensome well before the pleadings are settled and the parties have an understanding of what issues are to be addressed by active and expensive discovery and litigation. This discovery would likely be disproportionate to the needs of the case.

## II.    Legal Standard

Staying discovery during the pendency of a motion to dismiss "is often appropriate where … the motion to dismiss can resolve the case." *Vital Proteins, LLC v. Ancient Brands, LLC,* No.

22-cv-2265, 2023 U.S. Dist. LEXIS 155177, at *7 (N.D. Ill. Sept. 1, 2023) (staying discovery in a patent infringement litigation pending a decision on a motion to dismiss claiming patent ineligibility under 35 U.S.C. § 101; *Bilal v. Wolf*, No. 06-cv-6978, 2007 U.S. Dist. LEXIS 41983, *4 (N.D. Ill. June 6, 2007) (same). Upon a showing of good cause, district courts may stay discovery pursuant to their broad discretion in managing discovery. *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012); *see also Yung-Tin Su v. Leechin Su*, No. 19-cv-7772, 2022 U.S. Dist. LEXIS 253134, at *3 (Apr. 11, 2022) (citing *Cent. States* to support grant of motion to stay discovery pending decision on motion to dismiss); *see also* Fed. R. Civ. P. 26(c). Requests to stay discovery pending resolution of a motion to dismiss "are granted with substantial frequency," *Bilal, supra*, at *3-4.

In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. *See, e.g.*, *Buffalo Pats., LLC v. Motorola Mobility, LLC*, 2022 U.S. Dist. LEXIS 255729, at *2 (N.D. Il. Sep. 16, 2022).

When a motion to dismiss challenges a "threshold" issue such as patent eligibility, courts are encouraged to stay discovery pending a decision on the motion. *See, e.g., OIP Techs, Inc. v. Amazon.com, Inc.,* 788 F.3d 1359, 1365 (2015), ("I commend the district court's adherence to the Supreme Court's instruction that patent eligibility is a "threshold" issue, *Bilski v. Kappos*, 561 U.S. 593, 602, (2010), by resolving it at the first opportunity.") (Mayer, J., concurring); *see also, Chamberlain Grp., Inc. v. Linear LLC*, 114 F. Supp. 3d 614, 623 (2015) ("Patent eligibility is a threshold issue of patentability and a question of law for the court...The Federal Circuit has treated Section 101 analyses like a jurisdictional inquiry and encouraged district courts to

assess Section 101 patent eligibility at the outset of litigation to preserve judicial resources."); *Buffalo Pats., supra*, at *2 ("We believe that a temporary stay is appropriate here. The MJOP concerns patent eligibility, a potentially dispositive threshold issue.")

Further, a stay is appropriate where discovery is likely to be especially burdensome and expensive, such as in patent infringement cases. *See, e.g.*, *Medline Indus., Inc. v. C. R. Bard, Inc.*, No. 14 cv 3618, 2020 WL 10485718, at *2 (N.D.Ill. Jan. 8, 2020) (acknowledging that expert discovery in patent cases is expensive). Staying this case pending a motion to dismiss meets the good cause threshold, and there are no factors that would support denying this motion.

## III.    Argument

Hexaware **a**nticipates that the Court's decision on the motion to dismiss will change the scope of the case and the required discovery. Even if the motion is not completely dispositive, the Order may result in a clarification of the claims being asserted. And, regardless of the outcome of the motion to dismiss, staying discovery would not prejudice Plaintiffs.

A stay here is appropriate because Hexaware's motion seeks dismissal of all counts of the Complaint, and "[s]tays of discovery are … often appropriate where the motion to dismiss can resolve the case." *Bilal,* 2007 U.S. Dist. LEXIS 41983, at *4 and n. 1 (collecting cases); *Vital Proteins,* 2023 U.S. Dist. LEXIS 155177, at *7. The motion to dismiss raises threshold issues, including patent eligibility and pleading deficiencies, that courts routinely resolve at the pleading stage. *See, e.g., Omnireps, LLC v. CDW Corp.,* No. 1:23-cv-00868, 2024 U.S. Dist. LEXIS 83724, *passim* (N.D. Ill. May 8, 2024).

Staying this case pending resolution of the motion to dismiss satisfies all the factors that courts consider.

### A. A Stay Will Not Prejudice the Non-Moving Party

Any potential prejudice to Plaintiffs is minimal. This case is in its infancy, discovery has not begun, and no scheduling order has been entered. The minimal burden of a slight delay in resolution is outweighed by the potential for substantially narrowing the issues via a motion to dismiss. *See Buffalo Pats.,* 2022 U.S. Dist. LEXIS 255729, at *3; *see also Vital Proteins,* 2023 U.S. Dist. LEXIS 155177, at *13 ("the mere delay in Plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice.")

### B. The Decision on the Motion to Dismiss may Simplify the Issues in the Case

Hexaware reasonably anticipates that, at a minimum, the scope of the case will change following the Court's decision on the pending motion to dismiss. The motion to dismiss raises pleading deficiencies against all thirteen pled causes of action; a dismissal of even a few of these, or a requirement that they be clarified, would decrease the required discovery. "Given the number of the claims and the alleged bases for dismissal raised in" Hexaware's motion to dismiss, "staying discovery could simplify the issues in the case by waiting to see which issues remain after the motion [to dismiss] is decided." *Omnireps., supra*, at *5.

A decision on the motion will clarify the causes of action at issue and resolve ambiguity, including regarding which claims may be at issue and which products may be accused for which claim. After this clarification, the parties would then be able to engage in discovery that is proportional to the remaining needs of the case, if any.

A stay is appropriate where the motion to dismiss can resolve a threshold issue. *See, e.g*., *Buffalo Pats., supra*, at *2 . Patentability of the claims of the asserted patents is a threshold issue, warranting a stay of discovery in this case pending a decision on the motion to dismiss. *Id*.

**C.      A Stay Will Reduce the Burden of Litigation for the Parties and the Court.**

Staying discovery until the Court resolves Hexaware's motion to dismiss will "avoid the cost and burden of potentially unnecessary discovery" *Vital Proteins*, 2023 U.S. Dist. LEXIS 155177, at *3. This strongly supports a stay of discovery. *See, e.g., Buffalo Pats., supra,* at *3 (granting a stay in a patent infringement case where it would preserve the parties' resources).

As the Seventh Circuit explains, a defendant should not be burdened with the heavy costs of discovery unless the complaint plausibly suggests a substantial claim, a matter that will be determined by the Court in its ruling on the motion to dismiss. *See, e.g., Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009).

This case presents an especially strong justification for a stay: discovery here, involving in large part Indian-based companies, would necessarily be extensive and complex, involving nine asserted patents, three accused platforms and services, two contracts, and a course of dealings between the parties. Plaintiffs' allegations would trigger broad discovery demands for highly confidential technical, financial, and business information, including source code; engineering, AI, and LLM documentation; product roadmaps; internal financial data; licensing, marketing, and sales materials; and electronically stored information from numerous custodians. All the discovered factual information will need expert support.

## IV.      Conclusion

A stay of discovery pending the decision on the motion to dismiss will conserve judicial and party resources and allow this case to proceed, if at all, on a clear and properly framed set of claims. Plaintiffs will suffer no cognizable prejudice from such a stay, and both parties may avoid significant and potentially unrecoverable costs defending claims that may be dismissed or substantially narrowed.

For all these reasons, Defendants respectfully request that the Court enter a stay of discovery pending resolution of Defendants' motion to Dismiss, and enter such different and further relief as the Court deems just and proper.

Dated: December 19, 2025

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

*s/ Sarah Fink*

Sarah Fink, Esq.
90 Merrick Rd, 7th Floor
East Meadow, NY 11554
(914) 323-7000 (phone)
sarah.fink@wilsonelser.com

Brian Myers, Esq.
1500 K Street, NW
Suite 330
Washington, DC 20005
202.626.7695 (phone)
brian.myers@wilsonelser.com

Jennifer Stegmier, Esq.
161 N. Clark
Suite 4500
Chicago, IL 60601
312.821.6167 (phone)
Jennifer.stegmier@wilsonelser.com

*Attorneys for Defendants*

**Service via ECF**
cc:

MAXSON MAGO & MACAULAY, LLP
Max A. Stein
Keith Stolte
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
T: 312-803-0378

mstein@em3law.com
kstolte@em3law.com

SHELHOFF CANFIELD & CHIN LLC
Dmitry V. Shelhoff
Kenneth S. Canfield
30 Chatham Rd. #19
Short Hills, NJ 07078
T: 973-221-4539
dshelhoff@scciplaw.com
kcanfield@scciplaw.com
cchin@scciplaw.com
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will send notification of such filing by electronic mail to all ECF participants.

By:  <u>/s/ Brian H. Myers</u>

 Caution
As of: December 19, 2025 5:34 PM Z

## *Bilal v. Wolf*

United States District Court for the Northern District of Illinois, Eastern Division

June 6, 2007, Decided ; June 6, 2007, Filed

No. 06 C 6978

**Reporter**
2007 U.S. Dist. LEXIS 41983 *; 2007 WL 1687253

Karris A. Bilal, Plaintiff, v. Marcia Topper Wolf and Dawn Lawkowski, Defendants.

**Subsequent History:** Motion denied by, Without prejudice, Stay granted by, Motion denied by, As moot *Bilal v. Wolf, 2008 U.S. Dist. LEXIS 144429 (N.D. Ill., Mar. 6, 2008)*

Complaint dismissed at *Bilal v. Wolf, 2009 U.S. Dist. LEXIS 55579 (N.D. Ill., June 25, 2009)*

## Core Terms

discovery, motion to dismiss, disciplinary, threshold, qualified immunity, district court, automatically, full-text, postpone, format

**Counsel:** **[*1]** For Karris A. Bilal, Plaintiff: Karris A. Bilal, LEAD ATTORNEY, The Bilal Law Firm, Chicago, IL.

For Marcia Topper Wolf, individually and in her official capacity with the Illinois Attorney Registration and Disciplinary Commission, Defendant: Rosalyn B. Kaplan, Wendy J. Muchman, Attorney Registration & Disciplinary Commission, Chicago, IL.

For Dawn M. Lawkowski, in her official capacity with the Cook County Public Guardian, Defendant: John Paul Heil, Jr., Cook County State's Attorney, Chicago, IL; Richard Seth Shippee, Cook County States Attorney's Office, Chicago, IL.

**Judges:** Jeffrey Cole, UNITED STATES MAGISTRATE JUDGE. Judge Wayne Andersen.

**Opinion by:** Jeffrey Cole

## Opinion

#### MEMORANDUM OPINION

In brief, the plaintiff's suit alleges that Ms. Wolf and Ms. Lawkowski engaged in misconduct in connection with a pending disciplinary proceeding presently pending before the Attorney Registration and Disciplinary Commission. Ms. Wolf is with the ARDC and Ms. Lawkowski is with the Cook County Public Guardian. The hearing board of the ARDC recently issued a formal recommendation that plaintiff be suspended for a period of 18 months and until he completes a course in professional ethics. The **[*2]** disciplinary case is pending before the ARDC's review board. The complaint purports to state claims for damages and other relief against Ms. Wolf who was the ARDC attorney who investigated and prosecuted the case against the plaintiff. The defendants seek a stay of discovery pending the district court's ruling on the motions to dismiss which are based on claims of absolute and qualified immunity. Judge Andersen has referred the matter here.

District courts have extremely broad discretion in controlling discovery. *Crawford-El v. Britton, 523 U.S. 574, 598, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998)*; *Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir.2002)*. Under *Rules 26(c)* and *(d), Federal Rules of Civil Procedure*, a court may limit the scope of discovery or control its sequence. *Britton, supra.* Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted, although the mere filing of the motion does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Industries, Inc., 852 F.2d at 945*. Nor does it mean that a court will automatically **[*3]** grant a stay pursuant to *Rule 26(c)* simply because a defendant asks for one. See *Von Drake v. NBC, 2004 U.S. Dist. LEXIS 25090, 2004 WL 1144142 at *2 (N.D.Tex. May 20, 2004)*; *Builders Ass'n of Greater Chicago v. City of Chicago, 170 F.R.D. 435, 437 (N.D.Ill.1996)*; *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange, No. 99 C 3223, 1999 U.S. Dist. LEXIS 14305, 1999 WL 731773, *1 (N.D.Ill. Aug.31, 1999)*; *Moore v. Painewebber, Inc., 1997 U.S. Dist. LEXIS 203, 1997 WL 12805 (S.D.N.Y.1997)*. But such stays are granted with substantial frequency. [1] **[*4]** Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, [2] and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery. *Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir.1997)*.

Numerous cases in this circuit have even allowed stays in the face of a *Rule 12(b)(6)* challenge. [3] Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case - at least as to the moving party, *Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir.1999)*; *Builders Ass'n of Greater Chicago, 170 F.R.D. at 437*, or where the issue is a threshold one, such as jurisdiction, *United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80, 108 S. Ct. 2268, 101 L. Ed. 2d 69 (1988)*, standing, *Builders Ass'n, 170 F.R.D. at 437*, or, as here, raises questions of qualified immunity. *Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)*.

**[*5]** Indeed, in *Siegert v. Gilley, 500 U.S. 226, 232, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)*, the Court repeated its caution in *Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)* that "'[u]ntil this *threshold* immunity question is resolved, discovery should not be allowed.'" (Emphasis in original). *See also Landstrom v. Illinois Dep't of Children & Family Services, 892 F.2d 670, 674 (7th Cir. 1990)*; *Brush v. Rinne, 69 F.3d 547*, [published in full-text format at *1995 U.S. App. LEXIS 31028] at *1 (10th Cir. 1995)*; *Swart v. Pitcher, 9 F.3d 109*, [published in full-text format at *1993 U.S. App. LEXIS 26632] at *1 (6th Cir. 1993)*. Protracted discovery is the "en banc of modern litigation." *Rossetto v. Pabst Brewing Cor., Inc., 217 F.3d 539, 542 (7th Cir. 2000)*(Posner, J.). It is the often excessive and time-consuming burdens discovery imposes on the resources and energies of

---

[1] *See, e.g., Moore v, Potter, 141 Fed. Appx. 803, 2005 WL 1600194 at *4 (11th Cir. 2005)*; *Chaudhry v. Mobil Oil Corp., 186 F.3d 502 (4th Cir. 1999)*; *Gilbert v. Ferry, 401 F.3d 411 (6th Cir.2005)*; *In re: Southeast Banking Corp., 204 F.3d 1322 (11th Cir.2000)*; *Brever v. Rockwell Internat'l Corp., 40 F.3d 1119 (10th Cir. 1994)*; *Institut Pasteur v. Chiron, 315 F.Supp.2d 33, 37 (D.D.C.2004)*("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

[2] See *Brever v. Rockwell Internat'l Corp., 40 F.3d 1119 (10th Cir.1994)*. In securities cases, there is an automatic stay of discovery under the Private Securities Litigation Reform Act of 1995. *Wyser-Pratte Management Co. v. Telxon Corp., 413 F.3d 553, 559 (6th Cir.2005)*.

[3] *See, e.g., Flakes v. Frank, 2005 U.S. Dist. LEXIS 13136, 2005 WL 1276370 (W.D.Wis.2005)*; *Mossman v. Dental Enters., 2005 U.S. Dist. LEXIS 8656, 2005 WL 1174150 (N.D.Ind.2005)*; *Nauman v. Abbott Laboratories, 2005 U.S. Dist. LEXIS 9568, 2005 WL 1139480 (N.D.Ill.2005)*; *Malone v. Clark,* 2004 WL 2053284 (W.D.Wis.2004); *Cataldo v. City of Chicago, 2002 U.S. Dist. LEXIS 1590, 2002 WL 91903 (N.D.Ill.2002)*; *Hill v. Amoco Oil, 2001 U.S. Dist. LEXIS 3082, 2001 WL 293628 (N.D.Ill.2001)*; *Cooper v. Harris, 1999 U.S. Dist. LEXIS 6149, 1999 WL 261742 (N.D.Ill.1999)*; *Johnson v. Indopco, Inc., 846 F.Supp. 670 (N.D.Ill.1994)*; *R.E. Davis Chemical Corp. v. Nalco Chemical Co., 757 F.Supp. 1499 (N.D.Ill. 1990)*; *DeSmet v. Snyder, 653 F.Supp. 797 (E.D.Wis. 1987)*; *Stokes v. City of Chicago, 1986 U.S. Dist. LEXIS 18720, 1986 WL 12311 (N.D.Ill. 1986)*; *CBOE, Inc. v. Connecticut General Life Insurance Co., 95 F.R.D. 524 (N.D.Ill.1982)*; *Rosas v. Lane,* 1985 WL 2906 (N.D.Ill. Sept. 26, 1985). *Contra Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D.Cal.1990)*.

2007 U.S. Dist. LEXIS 41983, *5

litigants that the Supreme Court has made clear ought to be postponed until the threshold question of immunity is resolved. The defendants' motions to **[*6]** stay discovery [29] and [31] are granted.

Jeffrey Cole

UNITED STATES MAGISTRATE JUDGE

DATE: 6/6/07

---

**End of Document**

No *Shepard's* Signal™
As of: December 19, 2025 5:09 PM Z

# *Buffalo Pats., LLC v. Motorola Mobility LLC*

United States District Court for the Northern District of Illinois, Eastern Division

September 16, 2022, Decided; September 16, 2022, Filed

22 C 621

**Reporter**
2022 U.S. Dist. LEXIS 255729 *; 2022 WL 22917889

BUFFALO PATENTS, LLC, Plaintiff, v. MOTOROLA MOBILITY LLC, Defendants.

## Core Terms

patent, pending resolution, grant a motion, disadvantage, streamline, tactically, unduly

**Counsel:** **[*1]** For Buffalo Patents LLC, Plaintiff, Counter Defendant: Larry Dean Thompson Jr., Matthew James Antonelli, Rehan Mohammed Safiullah, Zachariah Spear Harrington, Antonelli Harrington & Thompson LLP, Houston, TX; Larry Dean Thompson Jr., Matthew James Antonelli, Rehan Mohammed Safiullah, Zachariah Spear Harrington, PRO HAC VICE, Antonelli Harrington & Thompson LLP, Houston, TX; Timothy J. Haller, Haller Law PLLC, Chicago, IL.

For Motorola Mobility LLC, Defendant, Counter Claimant: Chelsea Madeline Murray, Marshall Gerstein & Borun Llp, Chicago, IL; Courtney S. Dabbiere, David Clay Holloway, Michael T. Morlock, PRO HAC VICE, Kilpatrick Townsend & Stockton LLP, Atlanta, GA; Kathleen R. Geyer, PRO HAC VICE, Kilpatrick Townsend & Stockton LLP, Seattle, WA; Michael R. Weiner, Marshall Gerstein & Borun, Chicago, IL; Steven D. Moore, PRO HAC VICE, Kilpatrick Townsend & Stockton LLP, San Francisco, CA.

**Judges:** Charles P. Kocoras, United States District Judge.

**Opinion by:** Charles P. Kocoras

## Opinion

**ORDER**

Before the Court is Defendant Motorola Mobility LLC's ("Motorola") Motion to Stay Pending Resolution of its Motion for Partial Judgment on the Pleadings [45]. For the following reasons, the Court grants the Motion.

**STATEMENT**

Plaintiff **[*2]** Buffalo Patents, LLC ("Buffalo") brings this action alleging that Motorola infringes five of Buffalo's patents. On June 8, 2022, Motorola filed a Motion for Partial Judgment on the Pleadings [33] under *Federal Rule of Civil Procedure 12(c)* (the "MJOP"), arguing that the asserted claims of four of the five asserted patents are patent-ineligible under *35 U.S.C. § 101*. Motorola now seeks a stay of this action while the Court considers Motorola's MJOP.

A "district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Munson v. Butler, 776 F. App'x 339, 342 (7th Cir. 2019)* (citing *Landis v. North Am. Co., 299 U.S.*

Sarah Fink

2022 U.S. Dist. LEXIS 255729, *2

*248, 255 (1936)*). In evaluating whether to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Vaughan v. Biomat USA, Inc., 2020 WL 6262359, at *1 (N.D. Ill. 2020)*. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones, 520 U.S. 681, 708 (1997)*.

We believe that a temporary stay is appropriate here. The MJOP concerns patent eligibility, a potentially dispositive threshold issue, for four out of the five asserted patents. Although the Court presently makes no findings as to the merits of **[*3]** the MJOP, the case would be significantly streamlined should the MJOP be granted. And while a stay will minimally burden Buffalo by slightly delaying resolution of its case, this burden is outweighed by the potential for substantially narrowing the issues and thus conserving the resources of both the parties and this Court. Staying this matter will not unduly prejudice or tactically disadvantage Buffalo.

Accordingly, Motorola's Motion to Stay is granted.

### **CONCLUSION**

For the reasons mentioned above, the Court grants Motorola's Motion to Stay [45]. This action is stayed pending resolution of Motorola's MJOP [33]. It is so ordered.

Dated: 9/16/2022

/s/ Charles P. Kocoras

Charles P. Kocoras

United States District Judge

---

**End of Document**

 Cited
As of: December 19, 2025 5:25 PM Z

## *Omnireps, LLC v. CDW Corp.*

United States District Court for the Northern District of Illinois, Eastern Division

May 8, 2024, Decided; May 8, 2024, Filed

Case No. 1:23-cv-00868

**Reporter**
2024 U.S. Dist. LEXIS 83724 *; 2024 WL 2052069

OMNIREPS, LLC, Plaintiff, v. CDW CORPORATION, et al., Defendants.

## Core Terms

discovery, motion to dismiss, phase, statute of limitations

**Counsel:** [*1] For Omnireps, LLC, Plaintiff: Aaron Wayne Davis, LEAD ATTORNEY, Valhalla Legal, Pllc, Custer, SD; Steve Watson, LEAD ATTORNEY, Watson Law Group, Houston, TX.

For CDW Corporation, John Coleman, Matt Troka, Byron Holden, Tod Lichner, Defendants: Daniel John Collins, LEAD ATTORNEY, Levi Giovanetto, Katten Muchin Rosenman LLP, Chicago, IL; Valerie Ann Davenport, Katten Muchin Rosenman Llp, Chicago, IL.

For Matt McCormick, Amphenol Corporation, Inflexion Private Equity Partners, LLC, Add-On Computer Peripherals, LLC, Brent Loomis, James Patton, Cory Christie, Drew Murrie, Halo Technology Group, Defendants: David C. Van Dyke, LEAD ATTORNEY, Howard & Howard, Chicago, IL; Elizabeth Low, PRO HAC VICE, Andrew S. Ong, Goodwin Procter LLP, Redwood City, CA; I. neel Chatterjee, Goodwin Procter LLP, Menlo Park, CA.

**Judges:** Jeannice W. Appenteng, United States Magistrate Judge. Judge Martha M. Pacold.

**Opinion by:** Jeannice W. Appenteng

## Opinion

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is plaintiff's motion for phased discovery. Dkt. 65. For the reasons explained below, plaintiff's motion is denied and defendants' request for a stay, Dkt. 72, is granted in part.

### Background

Plaintiff filed a twelve-count second amended complaint against **[*2]** defendants. Dkt. 29. Defendants then filed two separate motions to dismiss. Defendants CDW Corp., John Coleman, Matt Troka, Byron Holden, and Tod Lichner filed the first motion to dismiss arguing that: (1) Counts 4, 5, 9, 11, and 12 should be dismissed for failure to state a claim, failure to properly plead under *Rule 9 of the Federal Rules of Civil Procedure*, and as barred by the statute of limitations; and (2) Count 2 should be dismissed for failure to state a claim based on the interpretation of a contract. Dkt. 42. Defendants Matt McCormick, Brent Loomis, James Patton, Cory Christie, Add-On Computer Peripherals, LLC, Halo Technology Group, Amphenol Corporation, and Inflexion Private Equity Partners, LLC filed the second motion to dismiss arguing that: (1) Counts 1, 3-7, and 10-12 should be barred due to a broad release that plaintiff

agreed to in a previously-entered settlement agreement; (2) Counts 3-7 and 10-12 should be time barred by the statute of limitations; (3) Count 10 should be dismissed for failure to properly plead under *Rule 9 of the Federal Rules of Civil Procedure*; and (4) all claims should be dismissed against Halo Technology Group and Inflexion Private Equity Partners, LLC for lack of personal jurisdiction. Dkt. 46. Defendants did not move to dismiss **[*3]** Count 8 for copyright infringement against Defendants Add-On Computer Peripherals, LLC, Matt McCormick, James Patton, Brent Loomis, Cory Christie, and Drew Murrie.[1]

The parties held their *Rule 26(f)* conference to discuss discovery on August 21, 2023, and October 2, 2023. While plaintiff communicated its desire to begin discovery on a phased basis, defendants expressed that they wanted to wait until after the District Judge ruled on their motions to dismiss before proceeding with discovery. Unable to reach an agreement, plaintiff filed the instant motion for phased discovery. Dkt. 65. In their response, defendants ask the Court to stay discovery. Dkt. 72.

For the reasons explained below, the Court denies plaintiff's motion for phased discovery and grants in part defendants' request to stay discovery.


**Discussion**

Normally, the filing of a motion to dismiss "does not automatically stay discovery." *New Eng. Carpenters Health & Welfare Fund v. Abbott Labs., No. 12 C 1662, 2013 U.S. Dist. LEXIS 35644, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013)*; see also *Harper v. Cent. Wire, Inc., 19 CV 50287, 2020 U.S. Dist. LEXIS 160211, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020)* (recognizing that granting a stay when a dispositive motion is filed is the exception, not the rule). However, district courts have "broad discretion in managing discovery." *Calderon v. Procter & Gamble Co., No. 22-cv-3326, 2022 U.S. Dist. LEXIS 245944, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022)*. In accordance with the Federal Rules, a court may, "for good cause," limit the scope of discovery and control its sequence **[*4]** to protect from "undue burden or expense." *See Fed. R. Civ. P. 26(c)-(d)*; see also *Tamburo v. Dworkin, No. 04 C 3317, 2010 U.S. Dist. LEXIS 121510, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010)*.

In determining whether to grant a stay, a court may consider the following factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Vital Proteins, LLC v. Ancient Brands, LLC, No. 22-cv-2265, 2023 U.S. Dist. LEXIS 155177, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023)*. Courts also consider "the numerosity and substantiality of the bases for dismissal raised" when determining whether a stay is warranted. *Rao v. JPMorgan Chase Bank, N.A., No. 21 C 1361, 2021 U.S. Dist. LEXIS 205610, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021)*; cf. *Hayes v. Bd. of Educ. for City of Chi., No. 21 C 1198, 2021 U.S. Dist. LEXIS 258491, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021)* (the nature of issues presented by a motion to dismiss is a consideration in determining whether to stay discovery). Courts in this circuit have found stays appropriate where motions to dismiss raise issues such as lack of jurisdiction, challenge whether the claims are within the statute of limitation, allege a failure to satisfy *Rule 9(b)*, turn on a question of law, or where discovery may be especially burdensome and costly to the parties. *See Vital Proteins, 2023 U.S. Dist. LEXIS 155177, 2023 WL 5671857, at *3, 6 (Rule 9(b))*; *Ogungemi v. Omnicare, Inc., No. 22-cv-00649-SEB-MKK, 2023 U.S. Dist. LEXIS 28130, 2023 WL 2139834, at *2 (S.D. Ind. Feb. 17, 2023)* (statute of limitations); *Rodriguez v. Ford Motor Co., No. 21 C 2553, 2022 U.S. Dist. LEXIS 41641, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022)* (legal question); *Dsm Desotech Inc. v. 3D Sys. Corp., No. 08 CV 1532, 2008 U.S. Dist. LEXIS 87473, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008)* (jurisdiction and where discovery would be burdensome and costly).

Here, the factors weigh in favor of a partial stay, with discovery proceeding on Count **[*5]** 8 against defendants Add-On Computer Peripherals, LLC, Matt McCormick, James Patton, Brent Loomis, Cory Christie, and Drew

---

[1] Additionally, plaintiff alleges Count 8 against Halo Technology Group and Inflexion Private Equity Partners, LLC, but these entities have moved to dismiss for lack of personal jurisdiction.

2024 U.S. Dist. LEXIS 83724, *5

Murrie. First, plaintiff does not assert it will suffer any prejudice if discovery is stayed, nor does the Court find that plaintiff would experience prejudice or be placed at a tactical disadvantage if discovery is stayed. A "mere delay in plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice." *Rao, 2021 U.S. Dist. LEXIS 205610, 2021 WL 4927415, at \*1*. Also, there is no indication here that "witnesses or documents . . . will be lost or no longer discoverable if discovery is stayed." *Rodriguez, 2022 U.S. Dist. LEXIS 41641, 2022 WL 704780, at \*1*.[2] This case is largely in its early stages,[3] the parties have not yet engaged in discovery, and no deterioration of evidence concerns have been raised. Also, permitting discovery to proceed on Count 8 in part weighs against any potential prejudice to plaintiff.

Second, given the number of the claims and the alleged bases for dismissal raised in defendants' motions (*e.g.*, jurisdiction, statute of limitations, interpretation of contract, and *Rule 9*), staying discovery "could simplify the issues in the case by waiting to see which issues remain after the motion [to dismiss] is decided." *Harper, 2020 U.S. Dist. LEXIS 160211, 2020 WL 5230746, at \*2*; *see also Rao, 2021 U.S. Dist. LEXIS 205610, 2021 WL 4927415, at \*1*. **[\*6]** Further, defendants do not dispute that Count 8 will proceed regardless and suggest that if discovery is permitted to move forward, plaintiff should be limited to seeking discovery relevant to Count 8 only. *See* Dkt. 72 at 11, 12 n.6. The Court largely agrees.[4]

Third, plaintiff alleges twelve counts in its second amended complaint, and its motion for phased discovery contemplates a round of requests for production on all twelve counts "with no limit on the number of requests." Dkt. 65 at 2; 65-1 at 2. Responding and producing relevant documents to these potentially sweeping requests would likely be time-consuming and costly, in light of the posture of this case. Because the motions to dismiss may simplify or narrow the issues, a stay serves to preserve the parties' and the Court's resources. *See Vital Proteins, 2023 U.S. Dist. LEXIS 155177, 2023 WL 5671857, at \*4* (finding that "responding to the discovery at issue would impose a significant burden . . . due to the sweeping nature of the requests" that may potentially be unnecessary and that "staying discovery would preserve the resources of the parties and the Court if [the] motion [to dismiss] proves successful"); *Aland v. U.S. Dep't of the Interior, No. 22-cv-5821, 2022 U.S. Dist. LEXIS 233650, 2022 WL 18027569, at \*4 (N.D. Ill. Dec. 30, 2022)* ("To avoid the cost and burden of potentially unnecessary discovery, courts frequently **[\*7]** stay discovery pending a motion to dismiss the complaint 'where . . . discovery may be especially burdensome and costly to the parties.'") (quoting *DSM Desotech, 2008 U.S. Dist. LEXIS 87473, 2008 WL 4812440, at \*2*).

Last, the Court finds unpersuasive plaintiff's argument that staying discovery to some, but not all, defendants would not simplify the case and lead to "duplicate depositions, complicate discovery, and actually serve to frustrate the expeditious resolution of litigation." Dkt. 65 at 4 (citing *O'Conner v. Eden Mgmt. LLC, No. 13 C 7391, 2014 U.S. Dist. LEXIS 156141, 2014 WL 5761138, at \*2 (N.D. Ill. Nov. 4, 2014)*). If plaintiff is correct that Count 8 "will involve much of the same evidence as most other claims," *id.* at 5, then allowing discovery to proceed on Count 8 in part will only help expedite the case after the District Judge has ruled on the motions to dismiss.

Therefore, because Count 8 will proceed regardless of the District Judge's ruling on the motions to dismiss, a partial stay is in accord with the general rule that motions to dismiss do not stay discovery. This resolution also reduces the burden of litigation on the parties and the Court by waiting to see whether the other counts withstand dismissal.

---

[2] Additionally, parties have an obligation to preserve evidence material to the litigation. *See Fed. R. Civ. P. 37*; *Kucala Enters., Ltd. v. Auto Wax Co., Inc., No. 02 C 1403, 2003 U.S. Dist. LEXIS 8833, 2003 WL 21230605, at \*4 (N.D. Ill. May 27, 2003)* ("Parties in litigation have a fundamental duty to preserve relevant evidence over which the non-preserving entity had control and reasonably knew or could reasonably foresee was material to a potential legal action.") (cleaned up).

[3] Although the lawsuit was filed February 13, 2023, Dkt. 1, plaintiff twice amended its complaint, and the parties did not engage in *Rule 26(f)* conferences until August 21, 2023, and October 2, 2023.

[4] Again, defendants Halo Technology Group and Inflexion Private Equity Partners, LLC have moved to dismiss for lack of personal jurisdiction. Because jurisdiction is a threshold issue, discovery is stayed against Halo Technology Group and Inflexion Private Equity Partners, LLC.

2024 U.S. Dist. LEXIS 83724, *7

**CONCLUSION**

For the reasons stated above, plaintiff's motion for a phased discovery is denied, and defendants' request for a stay on discovery is **[*8]** granted in part. The parties shall proceed with discovery on Count 8 as against defendants Add-On Computer Peripherals, LLC, Matt McCormick, James Patton, Brent Loomis, Cory Christie, and Drew Murrie. By May 22, 2024, the parties shall meet and confer on how they anticipate proceeding with Count 8 discovery and file a joint status report setting forth a proposed discovery schedule consistent with this order.

**So Ordered**.

/s/ Jeannice W. Appenteng

**Jeannice W. Appenteng**

**United States Magistrate Judge**

Dated: 5/8/2024

---

**End of Document**

 Neutral

As of: December 19, 2025 4:20 PM Z

## *Vital Proteins, LLC v. Ancient Brands, LLC*

United States District Court for the Northern District of Illinois, Eastern Division

September 1, 2023, Decided; September 1, 2023, Filed

No. 1:22-cv-02265

**Reporter**

2023 U.S. Dist. LEXIS 155177 *; 2023 WL 5671857

VITAL PROTEINS, LLC, Plaintiff/Counter-Defendant, v. ANCIENT BRANDS, LLC D/B/A ANCIENT NUTRITION, Defendant/Counter-Plaintiff.

## Core Terms

ancient, discovery, vital, advertize, counterclaims, collagen, motion to dismiss, deposition, unclean, affirmative defense, interrogatory, mislead, pending resolution, unclean hands, misrepresent, burdensome, protein

**Counsel:** **[*1]** For Vital Proteins LLC, Plaintiff: Livia McCammon Kiser, LEAD ATTORNEY, King and Spalding LLP, Chicago, IL; Andrew E. Nieland, King & Spalding, Chicago, IL; Lena T Colin, Russell Edward Blythe, PRO HAC VICE, King & Spalding LLP, Los Angeles, CA.

For Ancient Brands, LLC, doing business as Ancient Nutrition, Defendant: Douglas Sleater Curran, BraunHagey & Borden LLP, New York, NY; John E. Bucheit, Todd Clark Jacobs, Bradley Riley Jacobs PC, Chicago, IL; Matthew B. Borden, BraunHagey and Borden LLP, San Francisco, CA.

**Judges:** Jeffrey I. Cummings, United States Magistrate Judge. District Judge John J. Tharp, Jr.

**Opinion by:** Jeffrey I. Cummings

## Opinion

### MEMORANDUM OPINION AND ORDER

Plaintiff Vital Proteins, LLC has filed a motion for a partial stay of discovery, (Dckt. #44), pending the resolution of its motion to dismiss Defendant Ancient Brands, LLC's three counterclaims pursuant to *Federal Rules of Civil Procedure 9(b)* and *12(b)(6)*. (Dckt. #42). Specifically, Vital seeks to stay only that discovery which pertains to Ancient Nutrition's counterclaims, which includes: (1) the deposition of Jennifer Aniston, the television and movie star who serves as Vital's "Chief Creative Officer"; (2) the deposition of Kurt Seidensticker, Vital's founder and former Chief Executive **[*2]** Officer; and (3) its responses to specified interrogatories (nos. 8-10) and document production requests (nos. 28-34 and 38-42), which concern and require the participation of Aniston and Seidensticker. (The parties have proceeded apace with discovery related to Vital's claims.). For the reasons set forth below, Vital's motion for a partial stay of discovery is granted.

### I. BACKGROUND

#### A. The parties' respective claims.

Sarah Fink

Vital and Ancient Nutrition are two companies that sell nutritional supplements, including collagen peptide supplements. On April 29, 2022, Vital filed its complaint alleging that Ancient Nutrition has engaged in false advertising and unfair competition in violation of the *Lanham Act (15 U.S.C. §1125(a))*, false advertising in violation of the *Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2(a))*, and common law unfair competition. In particular, Vital alleges that Ancient Nutrition uses "false and misleading statements in its advertising materials and on its product labeling" for its collagen peptide products, which "will cause or have caused harm" to Vital's business. (Dckt. #1, ¶¶10, 26).

After the District Court denied its motion to dismiss, Ancient Nutrition filed its answer and three counterclaims which mimic the three claims alleged by Vital. The **[*3]** thrust of Ancient Nutrition's counterclaims are the allegations that Vital falsely advertises its own products by promoting them through Aniston - whom it touts as its "Chief Creative Officer" even though she has no day-to-day role at Vital - and that Vital's use of Aniston for promotional purposes will cause consumers to purchase its collagen products rather than those of Ancient Nutrition. (Dckt. #39, ¶¶12-13, 17). Vital thereafter moved to dismiss Ancient Nutrition's counterclaims with prejudice on the grounds that giving Aniston the title of "Chief Creative Officer" does not give rise to a cause of action and that Ancient Nutrition failed to: (1) meet *Rule 9(b)*'s pleading standard; (2) allege false or misleading statements concerning Aniston's use of Vital's products; and (3) allege any other false or misleading statements. (Dckt. #43).

**B. The discovery that Vital seeks to stay pending the resolution of its motion to dismiss**.

On January 20, 2023, shortly before it filed its answer and counterclaims, Ancient Nutrition served interrogatories, document production requests, requests for admission, a notice to depose Aniston, and a subpoena on Seidensticker calling for him to produce documents **[*4]** and sit for a deposition. Vital filed its motion to stay the following written discovery because it relates only to Ancient Nutrition's counterclaims:

**Interrogatory No. 8**:
Identify any advertising you removed from Your Website or social media relating to Your collagen products since April 2017.

**Interrogatory No. 9**:
Describe Jennifer Aniston's role at Vital Proteins, her responsibilities as Chief Creative Officer, any responsibilities she has with respect to advertising or content creation for Vital Proteins, and compensation she has received related to her role and responsibilities.

**Interrogatory No. 10**:
Identify all advertising for Vital Proteins' collagen products in which Jennifer Anniston appeared or for which she provided any input or approval for the content of the advertising, and the content of such advertising.

**Request for Production ("RFP") No. 28**:
All Documents reflecting advertising of Your collagen products, including, but not limited to, Your labels, website advertising, and social media posts.

**RFP No. 29**:
All Documents and Communications reflecting any decision by You to remove any of advertising of Your collagen products from Your website.

**RFP No. 30**:
All videos made by Kurt Seidensticker **[*5]** regarding Your collagen products, including, but not limited to, the video entitled "Our Story and How it Got Started."

**RFP No. 31**:

All Documents and Communications that support or refute your claim that Your collagen products are "designed to help support healthy muscles and joints."

**RFP No. 32**:
All Documents and Communications that support or refute Your claim that Your collagen products can "keep[] joints flexible, comfortable, and healthy."

**RFP No. 33**:
All Documents and Communications that support or refute Your claim that Your collagen products "help[] you push harder, faster and longer, getting you back on your feet and helping you dig deeper into every bit of movement.

**RFP No. 34**:
All Documents and Communications regarding Your decision to add the question "When can I expect to see results?" to the FAQ section of Your website in or around June 2021.

**RFP No. 38**:
All Documents and Communications regarding any complaints by consumers or other third parties about Vital Proteins' collagen products or advertising for Vital Proteins' collagen products.

**RFP No. 39**:

All Documents and Communications concerning any testing, study, or analysis You have commissioned, performed, obtained, received, or **[*6]** requested regarding Vital Proteins' collagen products or their ingredients.

**RFP No. 40**:
All Documents and Communications concerning any sourcing of ingredients for Vital Proteins' collagen products.

**RFP No. 41**:
All Documents and Communications regarding Jennifer Aniston's role at Vital Proteins, including, without limitation, any contractual agreement(s) that she has with You.

**RFP No. 42**:
All Documents and Communications regarding any advertising for Vital Proteins' collagen products in which Jennifer Aniston appeared or for which she provided any input or approval for the content of the advertising.
(Dckt. #46-1 at 6-7; Dckt. #46-2 at 11-13). Vital also seeks to stay the depositions of Aniston and the execution of the subpoena for the deposition of Steidensticker and document rider (which calls for Steidensticker to produce documents such as those listed in the above RFPs to Vital, documents pertaining to his communications with various third parties, and documents related to his departure from Vital). (Dckt. #46-5 at 2, 4-11).


## II. LEGAL STANDARD

This Court has broad discretion in managing discovery under *Rule 26* and may, for good cause, control its sequence to "protect a party or person from annoyance, **[*7]** embarrassment, oppression, or undue burden or expense." *Fed.R.Civ.P 26(c)(1)*; *see Crawford-El v. Britton, 523 U.S. 574, 598-99, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998).* In determining whether a moving party has met its burden of showing that good cause exists to grant a stay of discovery, courts consider: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Garrick v. Moody Bible Inst., No. 18 CV 573, 2021 U.S. Dist. LEXIS 214482, 2021 WL 5163287, at *3-4 (N.D.Ill. Nov. 5, 2021); Harper v. Cent. Wire, Inc., No. 19*

C 50287, 2020 U.S. Dist. LEXIS 160211, 2020 WL 5230746, at *1 (N.D.Ill. Sept. 2, 2020); Mac Naughton v. Asher Ventures LLC, No. 17 CV 4050, 2018 U.S. Dist. LEXIS 244827, 2018 WL 11361070, at *2 (N.D.Ill. Feb. 27, 2018).

Moreover, while the filing of a motion to dismiss does not automatically stay discovery, SK Hand Tool Corp. v. Dresser Indus., Inc., 852 F.2d 936, 945 (7th Cir. 1988), staying discovery during the pendency of such a motion is "not disfavored and [is] often appropriate where the motion to dismiss can resolve the case." Bilal v. Wolf, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, 2007 WL 1687253, at *1 (N.D.Ill. June 6, 2007) (citing cases). Accordingly, courts have considered "the numerosity and substantiality of the bases for dismissal raised" (including whether - as here - dismissal is sought based on a failure to satisfy Rule 9(b)) when determining whether a stay is warranted. Rao v. JPMorgan Chase Bank, N.A., No. 21 C 1361, 2021 U.S. Dist. LEXIS 205610, 2021 WL 4927415, at *1 (N.D.Ill. May 12, 2021); Hayes v. Bd. of Educ. for the City of Chicago, No. 21 C 1198, 2021 U.S. Dist. LEXIS 258491, 2021 WL 8153761, at *1 (N.D.Ill. Dec. 22, 2021) (the nature of issues presented by a motion to dismiss is a consideration in determining whether to stay discovery); United States ex rel. Liotine v. CDW-Government, Inc., No. CIV. 05-033-DRH, 2009 U.S. Dist. LEXIS 21555, 2009 WL 720958, at *1-2 (S.D.Ill. Mar. 18, 2009) (granting stay of discovery based on pending motion to dismiss for failure to meet the Rule 9(b) standard); see also New Eng. Carpenters Health & Welfare Fund v. Abbott Labs., No. 12 C 1662, 2013 U.S. Dist. LEXIS 35644, 2013 WL 690613, at *2 (N.D.Ill. Feb. 20, 2013) (finding [*8] that "a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a fishing expedition") (internal quotation marks omitted).

## III. ANALYSIS

Vital asserts that discovery should be stayed pending the resolution of its motion to dismiss because: (1) the discovery that Vital seeks to stay is burdensome, intrusive, and objectionable; (2) Ancient Nutrition will suffer no prejudice from a stay; and (3) the deficiencies of Ancient Nutrition's counterclaims weigh in favor of a stay. The Court will address each point in turn.

### A. The discovery that Vital seeks to stay is related to Ancient Nutrition's counterclaims and will impose a substantial burden on Vital, Seidensticker, Aniston, and the Court.

"To avoid the cost and burden of potentially unnecessary discovery, courts frequently stay discovery pending a motion to dismiss the complaint . . . 'where . . . discovery may be especially burdensome and costly to the parties.'" Aland v. U.S. Dept. of the Interior, No. 22-cv-5821, 2022 U.S. Dist. LEXIS 233650, 2022 WL 18027569, at *4 (N.D.Ill. Dec. 30, 2022), quoting Dsm Desotech Inc. v. 3D Sys. Corp., No. 08 CV 1531, 2008 U.S. Dist. LEXIS 87473, 2008 WL 4812440, at *2 (N.D.Ill. Oct. 28, 2008). Here, Vital asserts - and Ancient Nutrition does not dispute - that the discovery it seeks to stay (which is outlined above in Section I(B)) pertains to Ancient Nutrition's counterclaims. Thus, the discovery may prove [*9] unnecessary if Vital's motion is granted. The parties dispute, however, whether the discovery at issue is sufficiently "burdensome and costly" so as to support a stay pending the resolution of Vital's motion.

The Court finds that responding to the discovery at issue would impose a significant burden on Vital due to the sweeping nature of the requests.[1] Vital produces numerous products including "Vital Protein Original collagen Peptides, as well as a wider variety of powders, supplements, drinks, bars, and gummies." (Dckt. #46-5 at 15; Dckt. #53 at 12). Nonetheless, Ancient Nutrition's requests for production demand the production of "*all* documents and communication[s] related to topics such as testing, advertising, complaints, sourcing, or discussions with third parties for *all* of Vital Proteins' collagen products *and* ingredients in those products from April 2019 to the present." (Dckt. #45 at 7) (citing various RFPs). The rider to Ancient Nutrition's subpoena to Seidensticker (Vital's former

---

[1] The Court does not reach the issue of whether the discovery is - as Vital asserts (Dckt. #45 at 7) -*unduly* burdensome and not proportionate to the needs of the case. Resolving the appropriate scope of the RFPs at issue on this motion will most likely require the Court's intervention at some point in the future.

CEO) is sweeping, somewhat duplicative of the RFPs that Ancient Nutrition served on Vital, and burdensome for Seidensticker to respond to. (Dckt. #45 at 7-8 (Ancient Nutrition has demanded, among **[\*10]** other things, that Seidensticker produce all documents and communications regarding the advertising for Vital's collagen products); Dckt. #53 at 10).

Furthermore, allowing Seidensticker's deposition to proceed at this time would impose a potentially unnecessary burden on him to the extent that Ancient Nutrition questions him regarding the counterclaims, which would be dismissed if Vital's motion is granted. Vital has also stated its intent to assert the "apex doctrine" to defer or preclude Seidensticker's deposition until less burdensome channels of discovery have been exhausted by Ancient Nutrition. (Dckt. #45 at 13; Dckt. #53 at 10).[2] Finally, Ancient Nutrition - which acknowledges that it seeks to question Aniston regarding its counterclaims and unclean hands affirmative defense - offers only speculation to support its contention that Aniston has any knowledge related to Vital's claims. (Dckt. #51 at 14-15).[3] Consequently, if Vital's motion to dismiss is granted, there would be no legitimate reason for Ancient Nutrition to take Aniston's deposition based on the record presently before the Court.

In sum: the discovery at issue - if not stayed - will impose a substantial **[\*11]** burden on Vital, Seidensticker, and Aniston. Moreover, the Court would be required to expend judicial resources to resolve disputes regarding the scope of the discovery at issue and whether Ancient Nutrition is entitled to depose Seidensticker and Aniston at this time (or at all) that it may not need to resolve if Vital's motion to dismiss the counterclaims is granted. The fact that staying discovery would preserve the resources of the parties and the Court if Vital's motion proves successful supports a stay. *See, e.g., Garrick, 2021 U.S. Dist. LEXIS 214482, 2021 WL 5163287, at \*4* ("the burden factor likewise tips in favor of a stay . . . [where] [s]taying discovery would preserve the parties' resources if [defendant's] appeal proves successful."); *Hayes, 2020 U.S. Dist. LEXIS 160211, 2020 WL 5230746, at \*1* (considering whether the stay will reduce the burden of litigation on the parties or the court); *Mac Naughton, 2018 U.S. Dist. LEXIS 244827, 2018 WL 11361070, at \*2* (granting a stay where it would preserve the parties' resources).

**B. Ancient Nutrition's unclean hands affirmative defense does not provide a legitimate basis for proceeding with the discovery at issue at this time.**

Notwithstanding this, Ancient Nutrition argues that the discovery at issue should not be stayed because it relates to Ancient Nutrition's "unclean hands" affirmative defense to Vital's claims. **[\*12]** (Dckt. #51 at 11). However, "the unclean hands doctrine applies only 'to one tainted with inequitableness or bad faith *relative to the matter in which he seeks relief.*'" *Redbox Automated Retail, LLC v. Xpress Retail LLC, No. 17 C 5596, 2018 U.S. Dist. LEXIS 26281, 2018 WL 950098, at \*4 (N.D.Ill. Feb. 20, 2018)*, quoting *Packers Trading Co. v. CFTC, 972 F.2d 144, 148 (7th Cir. 1992)* (emphasis in original). Thus, the unclean hands doctrine is applicable here only to the extent that Vital's hands were "unclean" with respect to Ancient Nutrition's alleged false advertising and unfair competition. *See OSF Healthcare Sys. v. Banno, No. 08-1096, 2010 U.S. Dist. LEXIS 7582, 2019 WL 431963, at \*5 (C.D.Ill. Jan. 29, 2010)* ("Plaintiff's claims are based on Defendant's fraudulent billing to Caterpillar for Defendant's outpatient services . . . In order for the unclean hands . . . defense[] to apply, there would need to be some inference that Plaintiff acquiesced in [or] otherwise participated in or brought about *Defendant's* fraudulent billings to Caterpillar.") (emphasis in original).

---

[2] Although Ancient Nutrition contends that the apex doctrine does not apply to *former* high-level executives, (Dckt. #51 at 12), this Court and many others have held that the doctrine *is* applicable to former executives and officials. *Lee v. City of Chicago, No. 20 CV 1508, 2021 U.S. Dist. LEXIS 109939, 2021 WL 2399999, at \*3 (N.D.Ill. June 11, 2021)* (citing cases). The question of whether the apex doctrine should apply in this case to defer or preclude the deposition of Seidensticker will be determined after further briefing from the parties if need be.

[3] Ancient Nutrition claims that Aniston has knowledge of Vital's claims because *it* listed Aniston as a person with knowledge in its ***Rule 26(a)(1)*** disclosures; however, Vital - which is in a position to know what knowledge Aniston actually has - did *not* list her as a person with knowledge in its ***Rule 26(a)(1)*** disclosures. (Dckt. #53 at 10).

2023 U.S. Dist. LEXIS 155177, *12

Conversely, the unclean hands doctrine has no application to Ancient Nutrition's counterclaims, which concern a "different transaction" from Vital's claims: namely, that Vital allegedly engaged in false advertising and unfair competition with respect to its *own* products. *See Dyson v. Sharkninja Operating LLC, 259 F.Supp.3d 816, 836 (N.D.Ill. 2017)*. In *Dyson*, a Lanham Act case with related state law claims, the court rejected the application of the unclean hands defense because defendant (Shark) asserted that **[*13]** plaintiff (Dyson) used a misleading/false phrase to describe its own product rather than that plaintiff engaged in bad conduct with respect to defendant's description of its product. *Id.* ("This case is about statements Shark made about Shark vacuums, while Dyson's hands are supposedly unclean due to statements Dyson made about Dyson vacuums, i.e., a different transaction."). Thus, because the discovery at issue pertains only to Ancient Nutrition's counterclaims and Ancient Nutrition's unclean hands affirmative defense applies only to Vital's claims (if at all), the discovery is not relevant to this affirmative defense within the meaning of *Rule 26(b)(1)*. Accordingly, the existence of Ancient Nutrition's unclean hands affirmative defense does not provide a basis for proceeding with the discovery at issue at this time.

### C. Ancient Nutrition will suffer no prejudice if the discovery at issue is stayed pending the disposition of Vital's motion to dismiss.

Ancient Nutrition does not assert that it will suffer any prejudice if the discovery at issue is stayed aside from the delay that is inherent in any stay. (Dckt. #51 at 15-16); *Rao, 2021 U.S. Dist. LEXIS 205610, 2021 WL 4927415, at *1* ("the mere delay in Plaintiff's ability to proceed to discovery caused by **[*14]** the stay amounts to little, if any, prejudice."). There is no imminent threat to either party's well-being, *Cf. Harper v. Cent. Wire, Inc., No. 19 CV 50287, 2020 U.S. Dist. LEXIS 160211, 2020 WL 5230746, at *3 (N.D.Ill. Sept. 2, 2020)*, and Ancient Nutrition does not argue that any of the discovery relevant to its counterclaims is at risk of damage, destruction, or otherwise becoming unavailable if a stay is granted. *See Witz v. Great Lakes Educ. Loan Servs., No. 19-cv-06715, 2020 U.S. Dist. LEXIS 248464, 2020 WL 8254382, at *1 (N.D.Ill. July 30, 2020)* (a lack of showing that potentially discoverable information is likely to be lost or inadvertently destroyed favored a discovery stay). Furthermore, Ancient Nutrition does not claim that it needs any further discovery to respond to the motion to dismiss. *See Sprague v. Brook, 149 F.R.D. 575, 577 (N.D.Ill. 1993)* ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion."). The lack of prejudice to Ancient Nutrition weighs in favor of a stay.

### D. A stay of discovery pending the disposition of Vital's motion to dismiss Ancient Nutrition's counterclaims will promote the purposes of *Rule 9(b)*.

The parties agree that Ancient Nutrition's counterclaim for false advertising in violation of the Lanham Act must satisfy the heightened pleading standard of *Rule 9(b)*. *See, e.g., Gensler v. Strabala, 764 F.3d 735, 737 (7th Cir. 2014)*.[4] *Rule 9(b)* has multiple purposes including: (1) "to minimize the extortionate impact that a baseless **[*15]** claim of fraud can have on a firm or an individual," *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co., 412 F.3d 745, 748 (7th Cir. 2005)*; (2) to deter parties from including accusations "simply to gain leverage for settlement or for other ulterior motives," *Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 924 (7th Cir. 1992)*; (3) to protect parties from reputational harm and minimize "fishing expeditions," *Vicom, Inc. v. Harbridge Merch. Servs. Inc., 20 F.3d 771, 777 (7th Cir. 1994)*; and (4) "to eliminate the filing of a conclusory complaint as a pretext for using discovery to uncover wrongs." *U.S. ex rel. Obert-Hong v. Advoc. Health Care, 211 F.Supp.2d 1045, 1049 (N.D.Ill. 2002)*.

---

[4] Ancient Brands' state law false advertising and unfair competition claims rise or fall with its Lanham Act claims. *See Organ Recovery Sys. Inc. v. Pres. Sols., Inc., No. 11 C 4041, 2012 U.S. Dist. LEXIS 92430, 2012 WL 2577500, at *6 (N.D.Ill. July 4, 2012)*.

*Rule 9(b)* requires that a party allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc, 772 F.3d 1102, 1106 (7th Cir. 2014)*. Vital asserts - and Ancient Nutrition does not deny - that Ancient Nutrition has failed to allege a single advertising claim regarding the ingredients in Vital's products that it alleges to be false or misleading. (Dckt. #53 at 6). This is a problem. *See Uni*Quality, 974 F.2d at 923* (holding that plaintiff's allegations did "not come close to meeting *Rule 9(b)*'s particularity requirements" where they did not "mention any misrepresentations, much less any specifics about those misrepresentations").

Instead, Ancient Nutrition alleges that Vital's "claims regarding its collagen products and Ms. Aniston's role at its company are false, deceptive, **[*16]** and misleading" because, on *"information and belief,"* Aniston does not have an active day-to-day role at Vital and her "claims to be a regular user of Vital's products appear to be dubious." (Dckt. #39 at 12). However, "courts in the fraud context and generally find[s] that such claims do not meet *Rule 9(b)*'s particularity requirement." *Cincinnati Life Ins. v. Beyrer, 722 F.3d 939, 948 (7th Cir. 2013)*. A pleading party can overcome this general rule only if the facts constituting the fraud are not accessible to the party, the party provides "the grounds for [its] suspicions," and the proffered grounds make the allegations made on information and belief "plausible." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co., 631 F.3d 436, 443 (7th Cir. 2011)*. Here, the only "fact" alleged by Ancient Nutrition is an article in a British tabloid which raises a question about whether Aniston actually mixed a beverage containing a Vital product that an Instagram video purportedly showed her mixing *and* drinking. (Dckt. #39 at 12). This "fact" is disconnected from the allegations that Ancient Brand has made on information and belief, and it does not render the allegations more plausible.

Thus, for these reasons, it is apparent that Vital has raised sufficient questions regarding whether Ancient **[*17]** Nutrition has pled its counterclaims in compliance with *Rule 9(b)*'s standard to support the issuance of a stay of discovery until the issue is decided by the District Court. *See, e.g., Liotine, 2009 U.S. Dist. LEXIS 21555, 2009 WL 720958, at *2-3; United States ex rel. Williams v. Medical Support L.A., Inc., No. SACV2000198CBMDFMX, 2021 U.S. Dist. LEXIS 89197, 2021 WL 4816607, at *1-2 (C.D.Cal. May 7, 2021)* (citing cases). Indeed, allowing the expansive discovery sought by Ancient Nutrition to proceed at this juncture would undercut the purposes of *Rule 9(b)*. *See, e.g., Liotine, 2009 U.S. Dist. LEXIS 21555, 2009 WL 720958, at *1* ("the purpose of the heightened pleading requirement in fraud cases is frustrated by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hopes of uncovering enough specifics to adequately plead a case."); *Williams, 2021 U.S. Dist. LEXIS 89197, 2021 WL 4816607, at *1* ("The idea is that a plaintiff should not be able to use an inadequate complaint to get a foot in the door and discover unknown wrongs.").

**CONCLUSION**

For all of the above reasons, Vital's motion for a partial stay of discovery, (Dckt. #44), is granted. Vital's obligation to respond to Ancient Nutrition's interrogatories nos. 8-10 and its requests for production nos. 28-34 and 38-42 is stayed pending the resolution of Vital's motion to dismiss Ancient Nutrition's counterclaims. The depositions of Jennifer Aniston and Kurt Seidensticker (along with Seidensticker's obligation to produce documents pursuant **[*18]** to Ancient Nutrition's subpoena) are likewise stayed pending the outcome of Vital's motion to dismiss.

**DATE: September 1, 2023**

/s/ Jeffrey I. Cummings

**Jeffrey I. Cummings**

**United States Magistrate Judge**

2023 U.S. Dist. LEXIS 155177, *18

---

**End of Document**

 Caution

As of: December 19, 2025 4:40 PM Z

## *Yung-Ting Su v. Leechin Su*

United States District Court for the Northern District of Illinois, Eastern Division

April 11, 2022, Decided; April 11, 2022, Filed

No. 19 CV 7772

**Reporter**

2022 U.S. Dist. LEXIS 253154 *; 2022 LX 71274

YUNG-TING SU, Plaintiff, v. LEECHIN SU and LEADERTECH SYSTEMS OF CHICAGO, INC., Defendants.

**Subsequent History:** Dismissed by, in part, Motion denied by, in part, Stay lifted by *Yung-Ting Su v. Leechin Su, 672 F. Supp. 3d 573, 2023 U.S. Dist. LEXIS 82188, 2023 WL 3347087 (N.D. Ill., May 9, 2023)*

Motion denied by *Yung-Ting Su v. Leechin Su, 2025 U.S. Dist. LEXIS 138679, 2025 LX 274554 (July 21, 2025)*

## Core Terms

discovery, motion to dismiss, ting, threshold issue, shareholder, doctrine of res judicata, collateral estoppel, broad discretion, corporate funds, fiduciary duty, motion to stay, third-parties, oppression, subpoena, unduly

**Counsel: [*1]** For Leadertech Systems of Chicago Inc., an Illinois citizen, Defendant: Thomas Andrew Christensen, LEAD ATTORNEY, Huck Bouma PC, Wheaton, IL; Alexandra Nicole Prejzner, Huck Bouma Pc, Wheaton, IL.

For Yung-Ting Su, a California citizen individually and derivatively on behalf of Leadertech Systems of Chicago Inc., Counter Defendant: Veronica Nicole Valladares, Matthew Adam Wood, Litico Law Group, Rolling Meadows, IL; David Kleinrodick Radkin, Litico Law Offices, Rolling Meadows, IL.

For Leechin Su, an Illinois citizen, Defendant: Stephanie Elizabeth Kopalski, Lyons Law Group LLC, Downers Grove, IL; Kevin M. Lyons, LEAD ATTORNEY, Lyons Law Firm LLC, Downers Grove, IL.

For Leechin Su, an Illinois citizen, Counter Claimant: Stephanie Elizabeth Kopalski, Lyons Law Group LLC, Downers Grove, IL; Kevin M. Lyons, LEAD ATTORNEY, Lyons Law Firm LLC, Downers Grove, IL.

For Yung-Ting Su, a California citizen individually and derivatively on behalf of Leadertech Systems of Chicago Inc., Plaintiff: Matthew Adam Wood, Veronica Nicole Valladares, Litico Law Group, Rolling Meadows, IL; David Kleinrodick Radkin, Litico Law Offices, Rolling Meadows, IL.

**Judges:** Jeffrey I. Cummings, United States Magistrate Judge. District **[*2]** Judge Franklin U. Valderrama.

**Opinion by:** Jeffrey I. Cummings

## Opinion

### ORDER

Plaintiff Yung-Ting Su brings this action against defendants Leechin Su and Leadertech Systems of Chicago, Inc., alleging shareholder oppression and the misapplication of corporate funds under the Illinois Business Corporation Act of 1983, breach of fiduciary duty, and breach of contract. Yung-Ting and Leechin are sisters and shareholders

Sarah Fink

in Leadertech Systems, a company founded by their father in 1992. According to the allegations of Yung-Ting's First Amended Complaint (Dckt. #28), Leechin - the sole director and president of Leadertech - has been misappropriating corporate funds for her own benefit in violation of her fiduciary duties to the shareholders.

Currently before the Court is defendant Leechin's motion to stay discovery (Dckt. #122) pending the ruling on two motions to dismiss filed by Leechin before the District Court Judge. In Leechin's first motion to dismiss (Dckt. #73), she seeks dismissal for (1) failure to allege under Rule 23.1 that this derivative action is not a collusive one to confer jurisdiction that the court would otherwise lack; (2) lack of subject matter jurisdiction under Rule 12(b)(1) due to the probate exception; and (3) failure to join necessary and indispensable **[\*3]** parties to this litigation where those parties otherwise destroy diversity. In her second motion to dismiss (Dckt. #120), Leechin seeks dismissal under Rule 12(b)(6) based on the recent resolution of four related California cases involving Leadertech and the Su family, including the deceased parents and some of the other Su sisters. Leechin argues that dismissal is proper under the doctrines of res judicata, collateral estoppel, and/or claim splitting. For the reasons set forth below, defendant's motion to stay discovery pending resolution of the motions to dismiss is granted.

It is well settled that the filing of a motion to dismiss does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Indus., Inc., 852 F.2d 936, 945 (7th Cir. 1988)*. Nonetheless, the Court has broad discretion in managing discovery under *Rule 26*. *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Michigan, Inc., 674 F.3d 630, 636 (7th Cir. 2012)* (noting that "district courts enjoy broad discretion in controlling discovery.") (citation omitted); *see also Fed.R.Civ.P 26(c)* ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...."). In determining whether to grant a stay of discovery, a court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) **[\*4]** whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc., No. 12 C 5882, 2013 U.S. Dist. LEXIS 206567, 2013 WL 12333447, at \*1 (N.D.Ill. Sept. 27, 2013)*.

Here, the above factors all weigh in favor of granting a stay. First, a stay will not unduly prejudice Yung-Ting, who has "not identified any witnesses or documents that will be lost or no longer discoverable if discovery is stayed." *Rodriguez v. Ford Motor Co., No. 21 C 2553, 2022 U.S. Dist. LEXIS 41641, 2022 WL 704780, at \*1 (N.D.Ill. Mar. 9, 2022)*. What is more, the "[t]he general prejudice of having to wait for resolution" is not a reason to deny a stay. *Id., quoting Medline Industries, Inc. v. C.R. Bard, Inc., 2019 U.S. Dist. LEXIS 154346, 2019 WL 10948865, at \*2 (N.D. Ill. Sept. 10, 2019)*. Moreover, Leechin has argued - without dispute by Yung Ting - that Yung Ting has failed to review relevant documents provided by Morris Anderson and further, she has refused Leechin's offer to access a storage facility where Leadertech's records are stored, and she has failed to obtain a mirror image of and access to a software application containing additional documents. (*See* Dckt. #122 at 11-12; Dckt. #133 at 3).

Second, although Yung Ting steadfastly disputes the legal arguments set forth in Leechin's motions to dismiss, there is no question that those arguments go to the heart of threshold issues before the Court, including whether: (a) the Court has jurisdiction **[\*5]** to resolve this case; and (b) the doctrines of res judicata, collateral estoppel and/or claim-splitting bar this lawsuit irrespective of its merits. Courts routinely grant stays when such threshold issues are pending before the Court. *See, e.g., Dsm Desotech Inc. v. 3D Sys. Corp., No. 08 CV 1531, 2008 U.S. Dist. LEXIS 87473, 2008 WL 4812440, at \*2 (N.D.Ill. Oct. 28, 2008)* ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction . . ."); *see also U.S. ex rel. Robinson v. Ind. Univ. Health Inc., No. 1:13-CV-02009-TWP, 2015 U.S. Dist. LEXIS 84642, 2015 WL 3961221, at \*7 (S.D.Ind. June 30, 2015)* (noting that a stay may be justified where a party raises "a defect such as lack of jurisdiction, [which] affirmatively demonstrates that a case can go nowhere.").!!! Moreover, Yung Ting does not claim that she needs any further discovery to respond to the motions to dismiss. *See Sprague v. Brook, 149 F.R.D. 575, 577 (N.D.Ill. 1993)* ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion.").

Lastly, as evidenced by the multiple discovery disputes pending before this Court, a stay on discovery will greatly reduce the burden of litigation on both the parties and the Court. *See generally Piekarski v. Amedisys Ill., LLC, No.*

2022 U.S. Dist. LEXIS 253154, *5

12-CV-7346, 2013 U.S. Dist. LEXIS 74871, 2013 WL 2357536, at *3 (N.D.Ill. May 28, 2013) (granting a stay that would "reduce the burden of litigation on the parties and the courts"). Two of the pending discovery motions also involve subpoenas issued **[\*6]** to third-parties meaning a stay will further minimize the burden to those third-parties until it is determined whether this case will proceed.

In sum: in light of the above factors and, within its discretion, the Court grants Leechin's motion to stay discovery. Further, plaintiff's motions to compel (Dckt. #90 & #118) and defendants' motions to quash third party subpoenas (Dckt. #106 & #107) are denied without prejudice with leave to renew, if appropriate, following the lift of the stay. All previously set discovery deadlines are stricken and will be re-set at a later date. Of course, the parties are reminded of their duty to preserve evidence relevant to the claims at issue in this litigation. *See Kucala Enterprises, Ltd. v. Auto Wax Co., No. 02 C 1403, 2003 U.S. Dist. LEXIS 8833, 2003 WL 21230605, at *4 (N.D.Ill. May 27, 2003), report and recommendation adopted as modified, No. 02 C 1403, 2003 U.S. Dist. LEXIS 19103, 2003 WL 22433095 (N.D.Ill. Oct. 27, 2003)* ("Parties in litigation have a fundamental duty to preserve relevant evidence over which the non-preserving entity had control and reasonably knew or could reasonably foresee was material to a potential legal action.") (internal quotation and citation omitted).

/s/ Jeffrey I. Cummings

**Jeffrey I. Cummings**

**United States Magistrate Judge**

**DATE: April 11, 2022**

---

**End of Document**