IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATSOFT CORPORATION, UPDRAFT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HEXAWARE TECHNOLOGIES LIMITED, HEXAWARE TECHNOLOGIES, INC.<br><br>Defendants. | Case No. 25-cv-11517<br><br>Document Filed Electronically |

**JOINT INITIAL STATUS REPORT**

Pursuant to LPR 1.2 and the Court's October 15, 2025 (D.I. 20), November 14, 2025 (D.I. 25), December 15, 2025 (D.I. 35), and December 23, 2025 (D.I. 38) Orders, the parties submit this joint initial status report.

1. The parties satisfied their obligations under Rule 26(f) through multiple communications since the filing of the case, including between Kenneth Canfield for Plaintiffs and Sarah Fink for Defendants.

2. <u>Initial Disclosures</u>.  Plaintiffs propose that initial disclosures be due January 23, 2026. Defendants filed a motion to stay discovery pending the Court's decision on the motion to dismiss and therefore do not now propose a date for exchange of Initial disclosures. Plaintiffs oppose Defendants motion to stay discovery and their proposed discovery schedule is in Exhibit 4.

3. <u>Disclosures and Discovery Pursuant to Local Patent Rules</u>.  The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. <u>Additional Discovery Plan</u>.  The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules.

    (a) <u>Interrogatories</u>.  Each side may serve 35 interrogatories on the other side. Interrogatories shall be served at least 30 days prior to the close of fact discovery and shall be due in accordance with the Fed. R. Civ. P.

    (b) <u>Requests for admission</u>.  Each side may serve 75 requests for admission on the other

side. Requests for admission shall be served at least 30 days prior to the close of fact discovery and shall be due in accordance with the Fed. R. Civ. P. This provision does not limit the number of requests for admission as to the authenticity or admissibility of documents, which requests may be served up to at least 30 days prior to the deadline for submission of the pretrial order.

(c) <u>Number of fact depositions</u>. Each side may take a maximum of 10 fact depositions under Fed. R. Civ. 30(b)(1), including depositions of any third parties. For purposes of these limits, a deponent providing 30(b)(6) testimony shall be considered a single fact deposition. The parties may also take depositions of any Fed. R. Civ. P. 30(b)(6) designees without those depositions counting towards the limit on the total number of the allowable depositions, unless the particular witness was also noticed in his or her individual capacity, in which case the limit applies.

(d) <u>Time for fact depositions</u>. Absent agreement of the parties or by Order of the Court upon a showing of good cause, each deposition of a fact witness, including each designated as 30(b)(6) witnesses in whole or in part, shall be limited to a duration of 1 day of 7 hours, unless a deponent requires the services of an interpreter. If the deponent requires the services of an interpreter, a day of deposition will be considered 14 hours of testimony to be completed over 2 consecutive days.

<u>Additional procedures for fact depositions.</u>

Counsel shall cooperate in the scheduling of party depositions and make reasonable efforts to schedule such depositions within the time period requested by the party taking the deposition.

Counsel shall accept service of deposition notices for their clients and current employees of their clients. Counsel shall accept service of subpoenas for depositions for those former employees of their clients who reside in the United States and whom they will be representing at deposition, unless the former employee does not authorize counsel to accept service of the subpoena. Acceptance of deposition notices or subpoenas by counsel does not waive any defense other than objections to service.

This case may involve depositions of individuals located in foreign countries. Any fact depositions of witnesses located outside of the United States shall be conducted remotely (e.g., via Zoom or other videoconference means to be agreed-to by the parties) unless the parties agree otherwise for a particular deposition. The parties will use best efforts to schedule such depositions at times convenient for all the parties and witness considering any time zone differences.

The parties agree to discuss the possibility of remote depositions for fact witnesses located within the United States on a case-by-case basis.

(e) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of

another party.

5. <u>Alternative Discovery Plan</u>. Defendants filed a motion to stay discovery pending the Court's decision on Defendants' motion to dismiss. Defendants' position on the motion to stay is in Exhibit 2. Plaintiffs oppose Defendants' motion to stay discovery, and their position and proposed discovery schedule are in Exhibits 3-4, respectively. Due to the complexity of the litigation, including the patented technology as well as the presence of non-patent causes of action, in their proposed schedule, Plaintiffs have extended the time periods for certain exchanges under the Local Patent Rules.

6. <u>Other Dates</u>: See Exhibits 1-4.

7. <u>Other Items</u>:

   (a) <u>Prospects for settlement</u>. The parties had initial settlement discussions but currently do not see any prospect for settlement.

   (b) <u>Alternative dispute resolution procedure that may enhance settlement prospects</u>. The parties presently do not believe that any such procedures will enhance settlement prospects but will notify the Court if anything changes.

   (c) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

   (d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

   (e) The parties will address the showing of the video "The Patent Process: An Overview for Jurors" (or any subsequent version of same distributed by the Federal Judicial Center) to the jurors in connection with preliminary jury instructions in their proposed pretrial order.

   (f) <u>Applicability of the America Invents Act ("AIA")</u>:

      (i) Asserted U.S. Patent Nos. 8,640,106, 8,972,928, 8,972,948, 9,063,673, 9,778,916, 9,858,046, and 10,664,243 are <u>not</u> subject to the AIA.

      (ii) Asserted U.S. Patent Nos. 11,029,934 and 12,032,941 <u>are</u> subject to the AIA.

   (g) <u>Other proceedings (per L.R. 3.5(b))</u>. The patents-in-suit are eligible to be challenged by Defendants at the USPTO through ex parte reexamination and, until

October 1, 2026, inter partes review. The patents-in-suit are not eligible to be challenged via post-grant review or covered business method review. The patents-in-suit have not been the subject of any other USPTO reviews or litigation.

**Court's Individual Items for the Initial Status Report**

1. <u>The Nature of the Case</u>

    (a) <u>Identification of attorneys</u>. The attorneys for each party are identified in the signature blocks below. Plaintiffs' lead trial counsel will be from the firm Shelhoff Canfield & Chin LLC. Defendants' lead trial counsel will be from the firm Wilson Elser Moskowitz Edelman & Dicker LLP.

    (b) <u>Basis for federal jurisdiction</u>. The patent claims are subject to exclusive federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The non-patent claims are subject to supplemental jurisdiction under 28 U.S.C. § 1367 and related-claims jurisdiction under 28 U.S.C. § 1338(b).

    (c) <u>Nature of claims asserted</u>. Plaintiffs assert patent infringement, breach-of-contract, unjust enrichment (as an alternative to breach of contract), and intentional interference with prospective economic advantage. Under Fed. R. Civ. P. 12(a)(4), Defendants' deadline to answer and to assert any counterclaims, including compulsory counterclaims, is deferred until the Court resolves Defendants' motion to dismiss. To the extent any claims remain following the Court's ruling, Defendants will serve their answer and assert any counterclaims within the time provided by the Federal Rules or the Court's order.

    (d) <u>Contentions</u>. If any contention deadlines occur before the Court's ruling on the motion to dismiss, Defendants will comply with applicable Patent Local Rules and the scheduling order, including serving any required noninfringement, invalidity, and/or unenforceability contentions, while reserving all defenses and objections.

    (e) <u>Major legal and factual issues anticipated in the case</u>:

    Plaintiffs presently anticipate discovery into at least the operation of Defendants' accused instrumentalities, Defendants' development of their accused instrumentalities and their use of Plaintiffs' confidential information in doing so, and Defendants' finances relating to the accused instrumentalities.

    Defendants presently anticipate discovery into at least the validity of the patents-in-suit, the validity and enforceability of the contracts asserted to be breached, the "aspects" of the products accused of infringing the patents-in-suit that are disclosed in the patents-in-suit, the "aspects" of the products accused of incorporating Plaintiffs' confidential information that incorporate such information, the nature and existence of information claimed to be Plaintiffs' confidential information, the business relationship and history between the parties (including with respect to the documents included as Exhibits 10 and 11 to the Complaint), Defendants' development of the accused products, and the customers that Plaintiffs claim to

      have lost due to Defendants' alleged actions.

   (f)   <u>Relief sought by plaintiffs</u>: Monetary damages (more detail to be provided in Plaintiffs' initial disclosures to be served) and injunctive relief.

2.   <u>Pending Motions and Case Plan</u>:

   (a)   <u>Pending motions</u>. Defendants filed a motion to dismiss all claims in Plaintiffs' complaint. The parties' proposed briefing schedule for the motion to dismiss is in Exhibit 1.

   (b)   <u>Proposal for a discovery plan</u>:

      Discovery limitations are discussed above. Defendants filed a motion to stay discovery pending the Court's decision on the motion to dismiss and therefore do not now offer a proposed discovery schedule. Defendants' position on the motion to stay is in Exhibit 2. Plaintiffs oppose Defendants motion to stay discovery and their position and proposed discovery schedule are in Exhibits 3-4, respectively.

      Generally, the parties anticipate discovery relating to the claims and defenses in the parties' pleadings and identified above. The parties contemplate seeking written discovery, including requests to produce documents and things, interrogatories, and/or requests for admission. The parties also anticipate taking fact depositions of party and potentially third-party witnesses. The parties also anticipate taking expert depositions and otherwise engaging in expert discovery.

   (c)   <u>Trial</u>. Plaintiffs have requested a jury trial. The parties presently anticipate a trial of approximately 2 weeks.

3.   <u>Consent to Proceed Before a Magistrate Judge</u>. The parties do not consent to proceed before a Magistrate Judge.

4.   <u>Status of Settlement Discussions</u>. Addressed above. The parties presently do not request a settlement conference but will do so if and when they believe it may be productive in enabling the parties to reach a negotiated resolution of the action.

Date: January 8, 2026                                Respectfully submitted,

*/s/ Kenneth S. Canfield*                        */s/ Sarah Fink*
Max A. Stein                                        Sarah Fink
Keith Stolte                                          WILSON ELSER MOSKOWITZ EDELMAN
MAXSON MAGO & MACAULAY, LLP      & DICKER LLP
77 W. Wacker Drive, Suite 4500           90 Merrick Avenue, Suite 700
Chicago, IL 60601                         East Meadow, NY 11554
T: 312-803-0378                            T: 516-228-8900
mstein@em3law.com

| | |
|---|---|
| kstolte@em3law.com | Brian H. Myers |
| | WILSON ELSER MOSKOWITZ EDELMAN |
| Dmitry V. Shelhoff (admitted *pro hac vice*) | & DICKER LLP |
| Kenneth S. Canfield (admitted *pro hac vice*) | 1500 K. Street NW, Suite 330 |
| Catharina J. Chin Eng (admitted *pro hac vice*) | Washington, DC 20005 |
| SHELHOFF CANFIELD & CHIN LLC | T: 202-626-7695 |
| 30 Chatham Rd. #19 | |
| Short Hills, NJ 07078 | Jennifer S. Stegmaier |
| T: 973-221-4539 | WILSON ELSER MOSKOWITZ EDELMAN |
| dshelhoff@scciplaw.com | & DICKER LLP |
| kcanfield@scciplaw.com | 161 N. Clark Street #4500 |
| cchin@scciplaw.com | Chicago, IL 60601 |
| | T: 312-821-6167 |
| *Attorneys for Plaintiffs* | |
| | *Attorneys for Defendants* |

**EXHIBIT 1 – PARTIES' JOINT PROPOSED BRIEFING SCHEDULE FOR MOTION TO DISMISS**

| Event | Date |
| --- | --- |
| Plaintiffs' Opposition to Motion to Dismiss | 1/30/2026 |
| Defendants' Reply in Support of their Motion to Dismiss | 2/27/2026 |

Case: 1:25-cv-11517 Document #: 40 Filed: 01/08/26 Page 7 of 12 PageID #:1508

### EXHIBIT 2 – SUMMARY OF DEFENDANTS' POSITION ON THEIR MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON THE MOTION TO DISMISS

Defendants filed a Motion to Stay discovery pending the Court's Order on Defendants' Motion to Dismiss, along with a Memorandum in Support of the Motion to Stay, on December 19, 2025 (D.I. 36 and 37). On December 23, 2025, the Court Ordered that the parties present their positions on Defendants' Motion to Stay Discovery in this status report. Defendants' full position on their Motion to Stay Discovery is presented in their Memorandum of Law (D.I. 36). For the Court's convenience, Defendants present a short summary of that position herein:

Defendants' Motion to Dismiss raises the threshold issue of the validity of the nine-patents-in-suit. Specifically, the motion argues, the patents-in-suit, directed to the abstract idea of implementing an algorithm to write software code, one that has admittedly been done by hand for many years, does not comprise patentable subject matter under 35 U.S.C. § 101. The matter of patent validity under this statute is often determined at the motion to dismiss stage because, in many cases (as here), the Court may decide this matter by reference only to the text of the patents themselves, which are included in the complaint. Discovery in patent cases concerns many issues and often requires production and close expert examination of hundreds of thousands of documents, including prior art and specifications of the accused products. A dismissal finding the patents-in-suit invalid on non-patentable subject matter grounds would avoid this discovery entirely.

To the extent that the Court does not find that all the patents-in-suit are invalid in its decision on the Motion to Dismiss, the Court's decision may simplify the patent issues in the case by, for example, finding that a subset of the patents-in-suit (or a subset of claims) is invalid. This simplification would, in turn, simplify and limit discovery.

The Motion to Dismiss also raises threshold issues regarding the non-patent causes of

action, including whether the pleading meets the required standard. A decision to dismiss any or all of these causes of action, even in the absence of a dismissal of the patent claims, would limit discovery by eliminating the need for investigation into, for example, the validity of the asserted contracts (including whether the parties had a meeting of the minds concerning an email claimed to be a contract) and the identity and relationship between each party to this case with third-parties. Neither of these issues would be necessary as part of discovery of the patent causes of action.

      Defendants have shown good cause for the Court to stay discovery pending the Court's decision on the Motion to Dismiss. Plaintiffs would not be prejudiced by a stay of this case which is in its infancy; if discovery moves forward at this time, Defendants would be prejudiced by being subjected to expensive discovery that may not be necessary at all or, at the very least, would likely be not in proportion to the needs of the case. All 13 causes of action are at issue in the Motion to Dismiss. A dismissal of even one these would simplify and limit the required discovery, which would limit the burden on the parties and on the Court.

## EXHIBIT 3 – PLAINTIFFS' POSITION ON DEFENDANTS' MOTION TO STAY

Plaintiffs oppose Defendants' motion to stay discovery pending resolution of Defendants' motion to dismiss. Here, Plaintiffs focus on Defendants' summary in Exhibit 2 above. If the Court desires a full opposition brief to Plaintiffs' stay brief (D.I. 36), Plaintiffs will provide one within 14 days of any request they do so or otherwise as requested by the Court.

With respect to the patent causes of action, this Court's local patent rules take a position on what happens when a defendant files a motion in lieu of an answer: discovery continues. LPR 2.1 states, "The plaintiff and any defendant that files an answer *or other response* to the complaint shall exchange their Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1) ("Initial Disclosures") within fourteen (14) days after the defendant files its answer *or other response* ... ." (Emphasis added). Here, Defendants chose to file an "other response." Under LPR 2.1, the parties proceed with initial disclosures and the subsequent LPR deadlines.

Moreover, Defendants overstate their burden in discovery proceeding per Plaintiffs' proposed schedule. Based on initial feedback from Defendants, Plaintiffs' schedule already prioritizes briefing on Defendants' motion to dismiss. Under Plaintiffs' proposal, aside from Fed. R. Civ. P. 26(a)(1) and LPR 2.1 initial disclosures on January 23, 2026, Defendants' first scheduled discovery deadline is not until LPR 2.3 initial noninfringement, unenforceability, and invalidity contentions on May 8. In the early going, it is Plaintiffs shouldering the burden, with their LPR 2.2 initial infringement contentions due March 27. As the local patent rules contemplate, Plaintiffs' LPR 2.2 infringement contentions will rely on Defendants' LPR 2.1 disclosures. Thus, the main effect of a stay would be preventing Plaintiffs from preparing their infringement contentions by depriving Plaintiffs of Defendants' LPR 2.1 disclosures. This delay prejudices Plaintiffs by delaying resolution of this action and allowing Defendants to continue infringing.

With respect to the non-patent causes of action, even a high-level review of Defendants'

motion to dismiss (D.I. 30) shows it is rife with factual disputes, making dismissal inappropriate. Moreover, Defendants' "Argument" section of their motion to dismiss does not even specifically address Plaintiffs' allegation of breach of the NDA (as opposed to the POC) (D.I. 30 at 24-26), calling into question Defendants' statement above that "[a]ll 13 causes of action are at issue in the Motion to Dismiss." Given the overlap in the factual predicate for the non-patent causes of action, even if only the breach-of-NDA were to survive, there would be at most limited wasted discovery effort.

       Defendants' argument for a stay boils down to a tautology: if discovery is stayed, Defendants will save on discovery. Under that logic, any dispositive motion should automatically stay a case. Given that Plaintiffs' proposed schedule already prioritizes briefing on Defendants' motion to dismiss, Defendants' argument for dismissal of the non-patent claims is highly factual, and Defendants' motion to dismiss arguably fails to present an argument on breach of the NDA, Defendants' motion for stay should be denied.

11

## EXHIBIT 4 – PLAINTIFFS' PROPOSED SCHEDULE FOR DISCOVERY

| Event | Date |
|---|---|
| Initial Disclosures (LPR 2.1) and Commencement of Fact Discovery (LPR 1.3) | 1/23/2026 |
| **[Agreed]** Plaintiffs' Opposition Brief to Defendants' Motion to Dismiss | 1/30/2026 |
| **[Agreed]** Defendants' Reply Brief in Support of Their Motion to Dismiss | 2/27/2026 |
| Initial Infringement Contentions (LPR 2.2) | 3/27/2026 |
| Initial Noninfringement, Unenforceability, and Invalidity Contentions (LPR 2.3) | 5/8/2026 |
| Initial Response to Noninfringement and Invalidity contentions (LPR 2.5) | 6/5/2026 |
| Final Infringement, Unenforceability, and Invalidity Contentions (LPR 3.1(a)(2)) | 9/25/2026 |
| Final Noninfringement, Enforceability, and Validity Contentions (LPR 3.2) | 10/30/2026 |
| Exchange of Claim Terms Needing Construction and Proposed Constructions (LPR 4.1(a)) | 11/13/2026 |
| Opening Claim Construction Brief (LPR 4.2(a)) | 12/18/2026 |
| Responsive Claim Construction Brief (LPR 4.2(c)) | 1/22/2027 |
| Reply Claim Construction Brief (LPR 4.2(d)) | 2/5/2027 |
| Joint Claim Construction Chart (LPR 4.2(f)) | 2/12/2027 |
| Claim Construction Hearing (LPR4.3) | Court's convenience (approximately 28 days after reply brief) |
| Claim Construction Ruling | Court's convenience (approximately six weeks after hearing) |
| Close of Fact Discovery (LPR 1.3) | 42 days after claim construction ruling |
| Expert Reports of Parties with Burden of Proof (LPR 5.1(b)) | 28 days after close of fact discovery |
| Rebuttal Expert Reports (LPR 5.1(c)) | 35 days after opening expert reports |
| Completion of Expert Witness Depositions (Close of Expert Discovery) (LPR 5.2) | 35 days after rebuttal expert reports |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 35 days after close of expert discovery |